# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7689 | **DATE** | 1/17/2012 |
| **CASE TITLE** | Cobb vs. Gordon Food Service | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to remand [6] is granted; the Clerk is directed to remand this case to the Circuit Court of Cook County.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**I.   Background**

This is a personal injury action arising out of an incident at Defendant's grocery store in Olympia Fields, Illinois, on September 1, 2009. The correspondence attached to Plaintiff's motion shows that no later than November 2009, counsel for Plaintiff had initiated contact with Karen Wood, who is Defendant's "liability manager." By June 2010, counsel had transmitted to Defendant, through Ms. Wood, a listing of medical "specials" totaling more than $72,000 that Plaintiff claims were incurred as a result of the September 1, 2009 incident. In July 2010, Ms. Wood sent a letter to counsel acknowledging "receipt of the medical records and specials that you provided with regards to your client's alleged injury" and requesting further records so that she could properly evaluate the matter.

On August 22, 2011, Plaintiff initiated this action in the Circuit Court of Cook County. According to Plaintiff, two days later, on August 24, 2011, a paralegal working for Plaintiff's counsel spoke with Ms. Wood, who agreed to accept service of the recently filed complaint. Accordingly, the paralegal mailed to Ms. Wood a copy of the complaint and summons, along with a cover letter signed by Plaintiff's counsel confirming the conversation earlier that day. The following Friday, September 2, 2011, counsel for Defendant sent an e-mail to Plaintiff's counsel in which counsel for Defendant advised that he would be representing Defendant, noted that his client had not received a pre-suit demand, and confirmed that his office would accept service on behalf of Defendant. The following Monday, September 5, 2011, Plaintiff's counsel responded that he would send a demand and a copy of the complaint. On September 28, 2011, Plaintiff's counsel sent a demand letter; on October 3, 2011, he mailed a copy of the summons to defense counsel. It is unclear from the materials submitted by the parties whether Plaintiff's counsel transmitted a copy of the complaint along with the summons mailed to counsel for Defendant on October 3, or whether the complaint had been provided at an earlier date.

On October 28, 2011, Defendant filed a notice of removal. Defendant contends that its removal was timely because service of the complaint and summons was not effectuated until October 5, 2011. Plaintiff challenges the timeliness of the removal, arguing that Defendant was properly served with both the summons and complaint on August 24, 2011, and thus the 30-day period for removal expired approximately one month before Defendant filed its notice of removal. Defendant also argues that the removal was timely because it was filed within 30 days of receiving notice that the amount in controversy exceeded $75,000. According to Defendant, notwithstanding the more than $72,000 in medical bills and "specials" that it had received over the previous two years, it was unaware that the amount in controversy exceeded the $75,000 threshold until it received a $250,000 demand letter from Plaintiff's counsel.

## II.   Analysis

As the parties' briefs recognize, the controlling legal standards governing the time for removing an action to federal court are set forth in 28 U.S.C. § 1446(b) and the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Section 1446(b) provides that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." In *Murphy Bros.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48. As the Court explained, "the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Thus, service of the complaint alone will not suffice to trigger the removal period, but "if the summons and complaint are served together, the 30-day period for removal runs at once." *Id.* at 354.

Here, the materials submitted by the parties show that Defendant has twice received the summons. On August 24, 2011, Plaintiff sent the summons and complaint to Ms. Wood, with whom counsel had been dealing for almost two years in regard to the underlying incident. It appears to be undisputed that Ms. Wood is Defendant's "Liability Manager," and Defendant has not disputed Plaintiff's contention that Ms. Wood agreed to accept service and has not contended that Ms. Wood was not authorized to do so. Defendant also obtained a copy of the complaint and summons through retained counsel – according to Defendant, service was effectuated in that manner "on October 5, 2011." Defendant maintains that "Plaintiff did not formally serve GFS with process" on August 24, 2011, but rather "she simply mailed the complaint and summons to GFS" on that date. This argument is puzzling. Defendant does not offer any argument, much less authority, explaining why an agreement to accept service communicated by Defendant's Liability Manager is any less effective than an agreement to accept service communicated by Defendant's retained counsel. Nor does Defendant contest that both the complaint and the summons were sent to Ms. Wood on August 24 – and presumably received by her within a few days later. Based on the foregoing, Plaintiff has established that she served both the complaint and summons on Defendant through Defendant's agent – its Liability Manager – no later than the end of August 2011 or the very beginning of September. **[FN 1]**

> **[FN 1]**  Outside counsel had been retained no later than September 2, 2011, the date on which defense counsel sent the letter referenced above to Plaintiff's counsel.

Defendant's additional argument concerning the amount of controversy is equally unpersuasive. As of the date on which the lawsuit was filed, medical bills and "specials" totaling almost the entirety of the $75,000 jurisdictional amount and photographs of Plaintiff's leg injury had been in Defendant's possession for more than a year. The complaint also claimed damages for permanent disfigurement, pain, and disability. No

| STATEMENT |
|---|

reasonable person armed with the information in Defendant's possession would surmise that a plaintiff claiming more than $72,000 in medical expenses alone would be seeking less than $3,000 in additional compensation. Simply put, as of the date on which Plaintiff's summons and complaint arrived in the hands of Defendant's Litigation Manager, Defendant was reasonably apprised that the amount in controversy exceeded $75,000. The time for removing this case thus expired no later than early October, and clearly before Defendant filed its notice of removal on October 28, 2011.

### III.    Conclusion

For the reasons stated above, Plaintiff's motion to remand [6] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County.